UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VERONICA WATTS RASHAD and CALVIN BELL, *Individually, and on behalf of themselves and other similarly situated current and former employees*, <br><br> Plaintiffs, <br><br> v. <br><br> MASON'S PROFESSIONAL CLEANING SERVICE, LLC, *a Tennessee Limited Liability Company*, DOROTHY MASON, *individually*, and ELLIOT MASON, *individually*, <br><br> Defendants. | Civ. No. 2:22-cv-02635-JTF-tmp <br><br> FLSA Opt-In Collective Action <br><br> JURY DEMANDED |

**ORDER DENYING MOTION TO FACILITATE NOTICE OF AN FLSA COLLECTIVE ACTION**

Before the Court is Plaintiffs Veronica Rashad and Calvin Bell's Motion to Facilitate Notice of an FLSA Collective Action, filed on June 14, 2023. (ECF No. 22.) Defendants Mason's Professional Cleaning Service, LLC, Dorothy Mason, and Elliot Mason filed a joint response in opposition on July 11, 2023. (ECF No. 23.) For the below reasons, the Motion is hereby **DENIED.**

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The present case is a putative FLSA collective action brought by Plaintiffs Veronica Rashad and Calvin Bell on behalf of themselves and similarly situated employees of Defendant Mason's Professional Cleaning Service, LLC ("Mason's"). Mason's provides janitorial and custodial services for multiple departments of the City of Memphis, including Memphis City Hall, Memphis City Libraries, and Memphis Light, Gas & Water buildings. (ECF No. 22-1, 4.) Rashad and Bell both claim to have been employed by Mason's as custodial workers at these locations

within the last three years. (*Id.*) The two claim that, while employed, Mason's had a "*de facto* policy or practice of depriving all its workers overtime pay" in four distinct ways. (*Id.*) First, they claim Mason's would often not pay for any hours worked over 40 hours in a week. Second, Mason's would sometimes instead pay workers a "bonus" for any surplus hours worked, but this bonus was at most equivalent to the worker's base pay rate, and often did not even equal that. For example, if an employee worked 50 hours in a week at a $10/hour base hourly rate, the 10 extra hours would be compensated with $100, rather than at the standard overtime rate of 1.5 times the base pay, or what would be $150. Third, the two claim that Mason's would also not pay for the travel time between multiple sites during a single shift. Thus, if a worker travelled between City Hall and a library location, the travel time would not be compensated at all. Fourth, they claim that they were not paid for the time they spent picking up and restocking on cleaning supplies. (*Id.*)

These allegations are supported by two declarations, one from each named plaintiff. Rashad's declaration notes that she was paid at an hourly rate of $12.00, (ECF No. 22-2, 1), and Bell's notes that he was paid at an hourly rate of $10.00, (*Id.* at 4). The declarations are otherwise identical. Both state Rashad and Bell observed that the potential class and themselves "performed the same job duties, followed the same policies and procedures, were subject to the same employee handbook, underwent similar training, reported to the same supervisors and customer representatives, were paid under the same pay system, and were not paid overtime compensation." (*Id.* at 2.) They also state that each violation they claim to have suffered was also imposed on "other current and former employees." (*Id.* at 2-3.)

The plaintiffs filed the present suit on September 20, 2022, seeking the alleged unpaid wages from the practices detailed above. (ECF No. 1.) The present motion was filed on June 14, 2023, and seeks an order:

2

>   (1) authorizing this case to proceed as a FLSA collective action for overtime violations on behalf of similarly situated hourly-paid non-exempt custodial/janitorial/sanitation workers; (2) directing Defendants to immediately provide Plaintiffs' counsel a computer-readable file containing the names (last names first), last known physical addresses, last known email addresses, social security numbers, dates of employment, and last known telephone numbers of all putative class members; (3) providing that the Court-approved notice be posted at all of Defendants' locations where putative class members work, as well as be mailed and emailed to the putative class; (4) tolling the statute of limitations for the putative class as of the date this is fully briefed; and (5) requiring that the opt-in plaintiffs' Consent to Join Forms be deemed "filed" on the date they are postmarked.

(ECF No. 22, 1.) The Defendants collectively responded on July 11, 2023, and argue that the Plaintiffs have not adequately met their burden to allow this Court to facilitate notice.

##        II.      LEGAL STANDARD

"The [Fair Labor Standards Act] mandates that employers pay a federal minimum wage and overtime to certain types of employees." *Clark v. A&L Homecare and Training Center, LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023). Plaintiffs alleging FLSA violations may bring actions to recover unpaid wages "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs brought into so called "representative" or "collective" actions must "(1) 'actually be similarly situated' and (2) 'signal in writing their affirmative consent to participate in the action.'" *Holder v. A&L Home Care and Training Center, LLC*, 552 F. Supp. 3d 731, 738 (S.D. Ohio 2021) (quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). Additional plaintiffs beyond named plaintiffs may be found by facilitated court notice, a process traditionally called "conditional certification" despite the Sixth Circuit's recent rejection of the term. *Clark*, 68 F.4th at 1009. In *Clark*, the Sixth Circuit did away with previous methods that district courts had applied to determine whether facilitated notice was warranted, and instead embraced a new standard borrowed from the analysis used when determining whether a preliminary injunction is warranted. Now, "for a district court to facilitate notice of an FLSA suit

3

to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011 (citing *Memphis A. Philip Randolph Institute v. Hargett*, 2 F.4th 548, 554 (6th Cir. 2021)). "That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* In so doing, the Sixth Circuit explicitly rejected two other standards. One only required a "modest showing" of similarity, and the other required a district court to "find by a preponderance of the evidence that those employees are similarly situated to the original plaintiffs." *Id.* at 1010 (citing *Swales v. KLLM Transport Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021)).

Thus, for a Court to grant a motion requesting facilitated notice of an FLSA collective action, the plaintiffs must provide enough evidence to demonstrate a strong likelihood that the employees they seek to notify of the action are similarly situated to the plaintiffs themselves.

### III.     LEGAL ANALYSIS

The present motion concerns only one issue: whether Rashad and Bell have provided enough evidence to demonstrate a strong likelihood that other Mason's employees they seek to notify of this action are similarly situated to themselves. The two declarations detailed above are the only evidence Rashad and Bell have provided. Rashad and Bell's motion argues that the "strong likelihood of success" standard is satisfied where plaintiffs demonstrate "more than the mere possibility of success" on the merits. (ECF No. 22-1, 6.) This equivalence demonstrates a confusion created by the new *Clark* test, namely that the "strong likelihood" test is not a fixed point but instead a flexible target in the preliminary injunction context, but seemingly not in the FLSA context. When a party is seeking a preliminary injunction, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will

suffer absent the stay [or preliminary injunction]." *A. Philip Randolph Institute v. Husted*, 907 F.3d 913, 919 (6th Cir. 2018). The "mere possibility" language cited by Plaintiffs reflected the absolute bare minimum of evidence a plaintiff could provide and still obtain relief, and given the proportional relationship described above, would only be relevant in cases of extreme potential irreparable injury. *Id.* ("Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere 'possibility' of success on the merits.") (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). *Clark* does not say whether this relationship survives in the new FLSA notice context, nor how to gauge the potential irreparable injury from the Court declining to facilitate notice. On one hand, the injury is merely the procedural stalling of a lawsuit, on the other, it functionally prevents plaintiffs from a potentially justified recovery of unpaid wages. Further, despite the direct, inversely proportional relationship between these two prongs, the *Clark* court explicitly stated that irreparable injury was "inapposite" to the questions posed in FLSA cases. *Clark*, 68 F.4th at 1011. The only guidance provided by *Clark* is that the new standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* Thus, a "strong likelihood" of success is still nevertheless below a better than even chance of success. *United States v. Phipps*, 524 F. App'x 209, 212 (6th Cir. 2013) ("We note that the district court's finding . . . need only be supported by a preponderance of the evidence. In other words, the district court need only have concluded that it was more likely than not [that the finding is correct].") Given the Sixth Circuit's instruction that injury is irrelevant to the present question, the Court does not believe that the "mere possibility" language is an applicable standard here.

Instead, the Court must assess whether the submitted declarations demonstrate a strong likelihood that other employees are similarly situated to Rashad and Bell. "Declarations may be enough to satisfy the similarity requirement at the conditional stage." *Holder*, 552 F. Supp. 3d at 738-39 (citing *Couch v. Certified Flooring Installation, Inc.*, 439 F. Supp. 3d 964, 977 (S.D. Ohio 2020)). As the district court in *Holder* stated:

> To warrant a finding that similarly situated employees exist, a plaintiff's declaration 'must at least allege facts sufficient to support an inference that she has *actual knowledge*' about other employees' job duties, hours worked, and whether they were paid for overtime hours. A declaration that contains facts that support the inference that the plaintiff has actual knowledge of company-wide employment practices—such as first-hand observations or observations with co-workers—will typically be enough to show that a similarly situated class of employees exists.

*Id.* at 739 (quoting *O'Neal v. Emery Fed. Credit Union*, No. 1:13-CV-22, 2013 WL 4013167, at *8 (S.D. Ohio Aug. 6, 2013)) (internal citations omitted). "Merely restat[ing] the complaint's allegations," does not by itself satisfy this standard. *Id.* at 740. Mason's argues that Rashad and Bell's declarations are clearly deficient, in that they convey only the allegations of the complaint and do not relate the experiences of employees besides themselves. (ECF No. 23, 5.)

The Court agrees. Rashad and Bell's declarations relay only their own experience with general, unspecific references to "other employees" supplied at the end of every paragraph. No further specific factual details are provided. These details were all allegations within the complaint, and the declaration does not supplement them in any way. Instead, the declarations merely restate the allegations of the complaint with no supporting evidence or other documentation attached. Mason's points out that a similar declaration, wherein a plaintiff stated throughout his declaration that he and "other home health aides" were undercompensated by their employer, only supported certification under the now-defunct "'lenient' and 'modest' standard" of certification pre-*Clark*. *Holder*, 552 F. Supp. 3d at 740. Even there, the sought collective was only notified due to a different declaration from a shift supervisor who had direct knowledge of other employee's

6

schedules that also supported knowledge of the employer's policies. *Id.* No evidence outside of Rashad and Bell's allegations in their complaint has been presented to the Court.

This is not to say that *Clark* prevented a plaintiff from supporting a case for facilitated notice with only their own declaration. The Court does not believe that *Clark* changed the general understanding that "[a] court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff." *Rembert v. A Plus Home Health Care Agency LLC*, Case No. 2:17-cv-287, 2018 WL 2015844, at *2 (S.D. Ohio May 1, 2018). However, *Clark* does appear to have raised the level of detail and amount of evidence such an affidavit must provide to support facilitating notice on its own. For example, an affidavit "must at least allege facts sufficient to support an inference that [the plaintiff] has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours." *Foley v. Wildcat Investments, LLC*, No. 2:21-cv-5234, 2023 WL 4485571, at *3 (S.D. Ohio Jul. 12, 2023). Rashad and Bell's declarations do not and instead merely repeat unspecific allegations from the complaint. This is not enough to warrant notice.

Rashad and Bell are, of course, free to move for specific discovery regarding the "similarly situated" inquiry. *Jones v. Ferro Corp.*, Case No. 1:22-cv-00253-JDA, 2023 WL 4456815, at *4 (N.D. Ohio Jul. 11, 2023) (noting that *Clark* emphasized that district courts may expedite discovery relevant to the "similarly situated" question when applying this standard). While this discovery may delay and thus cause certain potential opt-in plaintiffs' claims to expire, the *Clark* panel produced a concurrence and partial dissent that both endorsed the idea that equitable tolling could apply to claims potentially time-barred due to any discovery delay, and such a court-order

7

delay may now often take place before notice is ever issued. *Id.* As other courts have determined, once prompted and ordered by the Court, "the appropriate procedure is for the parties to conduct a period of expedited discovery – including both written discovery and depositions -- during which either party may seek documents and information that the party reasonably believes is relevant to the 'similarly situated' inquiry." *Id.* at 5. However, at this point, Rashad and Bell have not moved for such discovery nor offered the Court any proposed terms of said discovery, and have only supported their motion to facilitate notice with two declarations that do not demonstrate a strong likelihood that the potential opt-in plaintiffs are similarly situated to them. Accordingly, their motion must be **DENIED**.

### IV.     CONCLUSION

In conclusion, the Court **DENIES** Plaintiffs' Motion to Facilitate Notice of an FLSA Action.

**IT IS SO ORDERED** this 10th day of August, 2023.

*s/John T. Fowlkes, Jr.*
**JOHN THOMAS FOWLKES, JR.**
**UNITED STATES DISTRICT JUDGE**